UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.A.L. PRODUCE SALES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CFG PRODUCE, INC., et al.,<br><br>Defendants. | Case No. 1:24-cv-00315-BAM<br><br>ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING WITHIN FOURTEEN DAYS |

**BACKGROUND**

This action to enforce rights under the Perishable Agricultural Commodities Act of 1930 ("PACA") following entry of a Reparations Order commenced on March 14, 2024. (Doc. 2.) The operative complaint alleges that Plaintiff C.A.L. Produce Sales Corporation and Defendant CFG Produce Inc. were each engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce. (Doc. 2, Compl. ¶¶ 1, 2.) Defendant Shawn Jackson is alleged to be an officer, director, shareholder, and USDA Principal of CFG, and was in a position to control Defendant CFG. (Id. ¶ 3.)

Between December 9, 2022 to January 19, 2023, Plaintiff sold produce to Defendant CFG in a series of transactions and shipped the produce as directed by Defendant CFG in exchange for a total sum of $157,049.50. (Compl. ¶¶ 1, 7-22.) Defendant CFG failed to pay for the produce. (*Id.* ¶ 25.)

1

1    Plaintiff filed a formal complaint against Defendant CFG with the United States
2 Secretary of Agriculture on April 10, 2023. (Compl. ¶ 26.) By Order of the United States
3 Secretary of Agriculture issued on October 31, 2023, Plaintiff received – and Defendant CFG
4 suffered – a reparations award in the sum of $157,049.50, with interest thereon at the rate of 5.41
5 percent per annum from March 1, 2023, until paid, and filing fees in the amount of $500.00
6 ("Reparations Award"). (*Id.* ¶ 27.) Plaintiff alleges it is an unpaid supplier and seller of
7 produce, and is entitled to PACA Trust protection and payment from Defendant CFG's PACA
8 Trust Assets. (*Id.* ¶ 28.) Plaintiff further alleges that it is entitled to enforce the Reparations
9 Award by monetary award by order and judgment of this Court declaring, inter alia, that Plaintiff
10 is a PACA Trust beneficiary of Defendant CFG with a valid PACA Trust claim in the amount of
11 $157,049.50, with interest thereon at the rate of 5.41 percent per annum from March 1, 2023,
12 until paid, and plus the amount of $500.00. (Id. ¶ 29.)

13    Plaintiff asserts the following causes of action: (1) enforcing reparations
14 award/validating PACA Trust claim, 7 U.S.C. § 499e(c)(3) and (4); (2) enforcement of payment
15 from PACA Trust Assets, 7 U.S.C. § 499e(c)(5); (3) violation of PACA: failure to maintain
16 PACA Trust Assets/Creation of Common Fund, 7 U.S.C. § 499b(4); (4) violation of PACA:
17 failure to timely pay/breach of contract, 7 U.S.C. § 499b(4); (5) personal liability of USDA
18 Principal/breach of fiduciary duties to PACA Trust beneficiaries; and (6) fraudulent
19 concealment. (Doc. 2.)

20    The Clerk of the Court entered default in this action against Defendants CFG and Shawn
21 Jackson on June 5, 2024. (Docs. 10, 11.)

22    On August 5, 2024, Plaintiff filed a motion for default judgment against Defendant CFG.
23 (Doc. 76.) By that motion, Plaintiff requests that the Court enter default judgment against
24 Defendant CFG for damages in the amount of $23,600.00 ($3,000 for statutory damages
25 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); $20,000 for enhanced damages pursuant to 47
26 U.S.C. § 605(e)(3)(C)(ii); and $600 for conversion). (Doc. 76-1). With respect to the remaining
27 defendant, Shawn Jackson, Plaintiff states:

28    Under 11 U.S.C. § 523(a)(4) the bankruptcy court does not discharge an

>individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Defendant JACKSON, as a managing agent of CFG and a fiduciary, is personally liable to the extent Defendant CFG's PACA Trust Assets are insufficient to pay Plaintiff. *Sunkist Growers v. Fisher* (9th Cir. 997) 104 F.3d 280, 283. Defendant JACKSON filed for bankruptcy on June 13, 2024. Claims against Defendant JACKSON will be pursued in the bankruptcy courts.

(Doc.13-1 at 4-5.)

Based on Plaintiff's statement, the Court requires additional information regarding the bankruptcy filed by Defendant Jackson and the impact that may have on the pending motion for default judgment against Defendant CFG.

Pursuant to Section 362 of the Bankruptcy Code, all actions against a defendant who has filed a bankruptcy petition are automatically stayed once the petition is filed. 11 U.S.C. § 362(a) (staying "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title"). Thus, Plaintiff shall provide supplemental briefing as to why the action against Defendant Jackson should not be stayed pursuant to 11 U.S.C. § 362(a).

The Court recognizes that any individual liability of Defendant Jackson would be secondary to any liability of Defendant CFG. *See Sunkist Growers*, 104 F.3d at 283 (quoting *Shepard v. K.B. Fruit & Vegetable, Inc.*, 868 F. Supp. 703, 706 (E.D. Pa. 1994)) ("PACA liability attaches first to the licensed seller of perishable agricultural commodities. If the seller's assets are insufficient to satisfy the liability, others may be found secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust."). However, Plaintiff believes that the PACA Trust Assets of Defendant CFG are insufficient to pay all or any part of the Reparations Award. (Compl. ¶ 2.) Plaintiff also seeks judgment on the fraud issues alleged in the complaint. As asserted in the default judgment motion, the fraudulent concealment claim is premised, in part, on "Plaintiff's on-going reliance . . . throughout the parties' relationship based on continuing, express representations by CFG's managing agent, Defendant SHAWN

JACKSON ("Jackson")." (Doc. 13-1 at 3-4.)[1]

Plaintiff also asserts:

> Defendant JACKSON intentionally or, in the alternative, negligently, carelessly, and recklessly: (1) failed to ensure that Defendant CFG fulfilled its responsibilities as a PACA Trustee by maintaining PACA Trust Assets; and (b) manipulated and/or failed and refused to control Defendant CFG's operations and financial dealings so as to dissipate and divert Defendant CFG's PACA Trust Assets to pay operating expenses and other outstanding obligations from preceding crop years in a Ponzi-type scheme to defraud growers and other suppliers such as Plaintiff.

(*Id.* at 4; *see also* Compl. ¶ 50 (same).) Because Plaintiff contends that under 11 U.S.C. § 523(a)(4), the bankruptcy court does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, if the Court were to grant the pending motion for default judgment, it may have an impact on Defendant Jackson's alleged liability and the bankruptcy proceeding. Plaintiff therefore shall provide supplemental briefing demonstrating why this action should not be stayed in its entirety based on the existence of the bankruptcy proceeding.

District courts have the inherent power to stay a lawsuit. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). If an independent and related case is pending, in certain circumstances federal courts may stay the instant suit while the independent proceeding moves forward. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

To determine whether a *Landis* stay is appropriate, courts weigh the following competing interests: (1) whether there is a fair possibility that a stay will cause damage; (2) whether a patty

---

[1] The complaint alleges:

> Defendants, and each of them, knowingly, intentionally, willingly, and fraudulently failed to disclose, and concealed, the financial condition of Defendant CFG for the purpose of deceiving Plaintiff and growers and other suppliers of perishable agricultural commodities into selling to Defendant CFG; and Plaintiff was deceived and reasonably relied on the implied continuing material representation that Defendant conducted the business and financial affairs of Defendant CFG in the manner required by the PACA by selling the Produce to Defendant CFG.

(Compl. ¶ 55.)

4

may suffer hardship or inequity if a stay is not imposed; and (3) whether a stay will contribute to the orderly course of justice. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Additionally, a *Landis* stay (4) cannot be imposed only for judicial economy and (5) cannot be indefinite and result in undue delay. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066-67. A stay may be the most efficient and fairest course when there are "independent proceedings which bear upon the case." *Levya*, 593 F.2d at 863.

In light of the pending bankruptcy proceeding, IT IS HEREBY ORDERED that **within fourteen (14) days** of the date of service of this order, Plaintiff shall provide supplemental briefing as to why the action against Defendant Jackson should not be stayed pursuant to 11 U.S.C. § 362(a) <u>and</u> why the entire action should not be stayed until the bankruptcy proceeding in the related case is resolved.

IT IS SO ORDERED.

Dated: **March 12, 2025**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE