UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.A.L. PRODUCE SALES CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>CFG PRODUCE, INC., et al.,<br><br>  Defendants. | Case No.  1:24-cv-00315-BAM<br><br>ORDER STAYING ACTION PENDING RESOLUTION OF BANKRUPTCY PROCEEDINGS |

**BACKGROUND**

This is an action to enforce rights under the Perishable Agricultural Commodities Act of 1930 ("PACA") following entry of a Reparations Order commenced on March 14, 2024. (Doc. 2.) The operative complaint alleges that Plaintiff C.A.L. Produce Sales Corporation and Defendant CFG Produce Inc. were each engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce. (Doc. 2, Compl. ¶¶ 1, 2.) Defendant Shawn Jackson is alleged to be an officer, director, shareholder, and USDA Principal of Defendant CFG, and was in a position to control Defendant CFG. (*Id.* ¶ 3.)

Between December 9, 2022 to January 19, 2023, Plaintiff sold produce to Defendant CFG in a series of transactions and shipped the produce as directed by Defendant CFG in exchange for a total sum of $157,049.50. (Compl. ¶¶ 1, 7-22.) Defendant CFG failed to pay for the produce. (*Id.* ¶ 25.)

1   Plaintiff filed a formal complaint against Defendant CFG with the United States
2   Secretary of Agriculture on April 10, 2023.  (Compl. ¶ 26.)  By Order of the Secretary of
3   Agriculture issued on October 31, 2023, Plaintiff received – and Defendant CFG suffered – a
4   reparations award in the sum of $157,049.50, with interest thereon at the rate of 5.41 percent per
5   annum from March 1, 2023, until paid, and filing fees in the amount of $500.00 ("Reparations
6   Award").  (*Id.* ¶ 27.)

7   Plaintiff alleges it is an unpaid supplier and seller of produce, and is entitled to PACA
8   Trust protection and payment from Defendant CFG's PACA Trust Assets.  (Compl. ¶ 28.)
9   Plaintiff further alleges that it is entitled to enforce the Reparations Award by monetary award
10  by order and judgment of this Court declaring, inter alia, that Plaintiff is a PACA Trust
11  beneficiary of Defendant CFG with a valid PACA Trust claim in the amount of $157,049.50,
12  with interest thereon at the rate of 5.41 percent per annum from March 1, 2023, until paid, plus
13  the amount of $500.00.  (*Id.* ¶ 29.)

14  Plaintiff forwards the following causes of action:  (1) enforcing reparations
15  award/validating PACA Trust claim, 7 U.S.C. § 499e(c)(3) and (4); (2) enforcement of payment
16  from PACA Trust Assets, 7 U.S.C. § 499e(c)(5); (3) violation of PACA:  failure to maintain
17  PACA Trust Assets/Creation of Common Fund, 7 U.S.C. § 499b(4); (4) violation of PACA:
18  failure to timely pay/breach of contract, 7 U.S.C. § 499b(4); (5) personal liability of USDA
19  Principal/breach of fiduciary duties to PACA Trust beneficiaries; and (6) fraudulent
20  concealment.  (Doc. 2.)

21  On June 5, 2024, at Plaintiff's request, the Clerk of the Court entered default in this
22  action against Defendants CFG and Shawn Jackson.  (Docs. 10, 11.)

23  On August 5, 2024, Plaintiff filed a motion for default judgment against Defendant CFG.
24  (Doc. 76.)  By that motion, Plaintiff requested that the Court enter default judgment against
25  Defendant CFG for damages in the amount of $23,600.00 ($3,000 for statutory damages
26  pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); $20,000 for enhanced damages pursuant to 47
27  U.S.C. § 605(e)(3)(C)(ii); and $600 for conversion).  (Doc. 76-1).
28  ///

2

With respect to the remaining defendant, Shawn Jackson, Plaintiff stated:

> Under 11 U.S.C. § 523(a)(4) the bankruptcy court does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Defendant JACKSON, as a managing agent of CFG and a fiduciary, is personally liable to the extent Defendant CFG's PACA Trust Assets are insufficient to pay Plaintiff. *Sunkist Growers v. Fisher* (9th Cir. 997) 104 F.3d 280, 283. Defendant JACKSON filed for bankruptcy on June 13, 2024. Claims against Defendant JACKSON will be pursued in the bankruptcy courts.

(Doc.13-1 at 4-5.)

Following a preliminary review of the motion for default judgment, and based on Plaintiff's statement regarding Defendant Jackson, the Court requested additional information regarding Defendant Jackson's bankruptcy filing and the impact that it may have on the motion for default judgment. In particular, the Court directed Plaintiff to submit supplemental briefing as to why the action against Defendant Jackson should not be stayed pursuant to 11 U.S.C. § 362(a). The Court additionally expressed its concern that if it were to grant the pending motion for default judgment, then it may have an impact on Defendant Jackson's alleged liability and the bankruptcy proceeding. Accordingly, the Court also directed Plaintiff to submit supplemental briefing as to why the entire action should not be stayed until the bankruptcy proceeding in the related case is resolved pursuant to the Court's inherent power under *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). (Doc. 16.)

On March 27, 2025, Plaintiff filed a supplemental brief in response to the Court's order. (Doc. 17.) Plaintiff reiterates that Defendant Jackson filed a voluntary petition for bankruptcy. (*Id.* at 2.) The Chapter 7 bankruptcy proceeding appears to have been filed in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, Case no. 24-31735-se7. (*See* Ex. A to Doc. 17-1.) Plaintiff further reports that it filed an Adversary Proceeding in the Bankruptcy Court, Adversary No. 24-03074-swe, to exempt a discharge of monies owed to it by Defendant Jackson, the bankruptcy action has proceeded, and the parties are presently proceeding to trial by brief in the bankruptcy action. (Doc. 17 at p.2; Ex. A to Doc. 17-1.) After weighing the relevant *Landis* factors, Plaintiff does not oppose a short stay of the entire action until the bankruptcy proceeding is resolved. (Doc. 17 at 4.)

**DISCUSSION**

**A.  Automatic Stay**

Pursuant to Section 362 of the Bankruptcy Code, all actions against a defendant who has filed a bankruptcy petition are automatically stayed once the petition is filed.  11 U.S.C. § 362(a) (staying "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title").  According to Plaintiff's motion for default judgment and supplemental brief, Defendant Jackson filed a voluntary petition for bankruptcy on June 13, 2024, which is currently pending  (*See* Doc. 17 at 2; Ex. A. to Doc. 17-1.)  Although Plaintiff does not address the issue, the proceedings against Defendant Jackson in this action are stayed under 11 U.S.C. § 362.

**B.  *Landis* Stay**

District courts have the inherent power to stay a lawsuit.  *Landis*, 299 U.S. at 254-55.  If an independent and related case is pending, in certain circumstances federal courts may stay the instant suit while the independent proceeding moves forward.  *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

To determine whether a *Landis* stay is appropriate, courts weigh the following competing interests:  (1) whether there is a fair possibility that a stay will cause damage; (2) whether a party may suffer hardship or inequity if a stay is not imposed; and (3) whether a stay will contribute to the orderly course of justice.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  Additionally, a *Landis* stay (4) cannot be imposed only for judicial economy and (5) cannot be indefinite and result in undue delay.  *Dependable Highway Exp., Inc.*, 498 F.3d at 1066-67.  A stay may be the most efficient and fairest course when there are "independent proceedings which bear upon the case."  *Levya*, 593 F.2d at 863.

Plaintiff asserts that the competing interests focus on its right in having a judgment entered against Defendant CFG balanced against Defendant Jackson's interest in having a fair

decision in the bankruptcy court.

### 1. Possibility of Damage Resulting from Stay

The first *Landis* factor considers the "possible damage which may result from the granting of a stay." *CMAX*, 300 F.2d at 268.  Plaintiff asserts that the damage caused by defendants in not paying for the produce that they received has been done, and to date, Plaintiff has been unsuccessful in recovering the monies owed to it.  With respect to recovery, Plaintiff reports that in a recent deposition (in the Adversary Proceeding), Defendant Jackson testified that (1) he believed the affairs of Defendant CFG have been wound up; (2) Defendant CFG went out of business in 2023; and (3) he received the $157,049.50, and failed to remit this money to Plaintiff. (Doc. 17 at 3; *see also* Ex. C to Doc. 17-1, Shawn Jackson Deposition 14:21-15:10; 43:7-16, 45:1-13.)  Plaintiff contends that as it is unlikely it will be successful in recovering from Defendant CFG, a short stay of this action will not cause Plaintiff additional damage.  Given Plaintiff's position that a short stay will not cause additional damage, the Court finds this factor weighs in favor of a stay.

### 2. Hardship or Inequity

The second *Landis* factor considers "the hardship or inequity which a party may suffer in being required to go forward." *CMAX*, 300 F.2d at 268.  Here, defendants have not appeared in this action to assert any hardship or inequity from proceeding in this action.  Nonetheless, as the Court explained in its order seeking supplemental briefing (Doc. 16), if the Court were to grant the pending motion for default judgment, it may have an impact on Defendant Jackson's alleged liability and the bankruptcy proceeding.  Based on the above, the Court finds that moving forward with this action may cause Defendant Jackson to suffer potentially unnecessary hardship or inequity.  In contrast, Plaintiff admits that because a judgment against Defendant CFG is unlikely collectible at this time, any hardship that Plaintiff would suffer from a stay is likely minimal. (Doc. 17 at 3.)

### 3. Orderly Course of Justice

The third *Landis* factor considers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to

result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). A *Landis* stay is inappropriate if another proceeding is "unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court." *Lockyer v. Migrant Corp.*, 398 F.3d 1098, 1113 (9th Cir. 2005). Plaintiff explains that the issues in the federal case and bankruptcy case are overlapping. To the extent the bankruptcy action implicates factual or legal issues that may bear upon the issues in this action, the Court finds that the orderly course of justice weighs in favor of a stay.

    4.   <u>Judicial Economy and Indefiniteness of Stay</u>

A *Landis* stay cannot be imposed only for judicial economy and cannot be indefinite and result in undue delay. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066-67. Here, a stay would not be imposed for judicial economy, but rather is to ensure that this action does not result in hardship or inequity in the bankruptcy proceeding against Defendant Jackson or impute any liability to Defendant Jackson in that action. Further, the stay would not be indefinite. As Plaintiff explains, the Adversary Proceeding before the bankruptcy court is presently at the trial stage, the parties are submitting briefs, and the bankruptcy proceeding should be resolved within 3-6 months. (Doc. 17 at 4; Ex. B to Doc. 17-1.)

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED as follows:

1. The proceedings in this action are STAYED in their entirety pending resolution of the Bankruptcy/Adversary Proceeding currently pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

2. Plaintiff shall file a status report within ninety (90) days of the date of this Order, and every ninety (90) days thereafter, to advise the Court of the status of the bankruptcy proceedings.

IT IS SO ORDERED.

Dated:   **April 1, 2025**          /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE